5L 93
12L 608
14L 232

W. B. & D. MILLER, Ex'rs, v. C. J. McKinney and JOHN NETHERLAND.

1. PLEADINGS AND PRACTICE.   *Tender.   When plea of, is bad.*   To a suit. upon a note for so many dollars on a day certain, payable in current money, a plea of tender after the day is bad.

2. SAME.   *Pleas of nil debit and payment.   What may not be found under.* Under pleas of *nil debit* and payment to a suit upon a note payable in current money, a charge of the court based upon the idea that the jury might find that, after the note fell due, a new contract was made for its payment in Confederate money, would be erroneous, and especially so if there was no evidence of any new contract

3. SAME.   *Note payable in current money.   What should be the recovery.*   In a suit upon a note in which the maker promises to pay so many dollars on a day certain, payable in current money, the recovery will be the specie value of such currency as it would have been most to the interest of the promisor to have paid.

4. SAME.   *Erroneous charge.   When not cause for reversal.*   In a suit on such a note, dated the 7th of October, 1862, and payable the first of January, 1863, the jury, under an erroneous charge, found a verdict for the plaintiff for the value of Confederate money, then shown to have been the currency of the State, on a specie basis, there being no legal tender notes of the United States then in circulation, with interest, on

which judgment was rendered. *Held,* that the plaintiff had recovered all he was entitled to, was not injured by the errors of the charge, and that the judgment should be affirmed.

### FROM HAWKINS.

Appeal in error from the Circuit Court of Hawkins county. ———— ————, J.

W. H. WATTERSON for Miller.

S. T. LOGAN for McKinney.

COOPER, J., delivered the opinion of the court.

Suit on a note, executed on the 7th of October, 1862, by C. J. McKinney as principal and John Netherland as surety, whereby they promised to pay C. C. Miller, the testator of the plaintiffs in error, nineteen hundred and seventy-nine dollars, "payable in current money," on or before the 1st of January, 1863. A verdict and judgment were rendered in favor of the plaintiffs in error, but only for about one-sixth of the nominal sum called for, and they have appealed in error.

To a declaration in the ordinary form on the note, the defendants pleaded *nil debit* and payment, upon which pleas issues were joined. Afterwards, by leave of the court, the defendants pleaded a tender on the 16th of March, 1864, of the full amount then due upon the note in Confederate treasury notes, without averring a continuous readiness to pay the money tendered, and without bringing it into court. A demurrer to the plea was sustained, and properly. A ten-

Miller *v.* McKinney.

der after the day of payment was clearly bad, and the plea in other respects fatally defective. *McDowell* v. *Keller*, 4 Col., 258, 267. The only pleas remaining were *nil debit* and payment, and it is not pretended that there was any proof to sustain either of them. Upon this state of the pleadings the court charged the jury that if the note was not paid in current money on the day of its maturity, it became a note for dollars, and the defendant did not have the right after that day to pay it in current money, unless the parties after its maturity made a distinct and separate contract, waiving the plaintiff's right to treat the note as payable in dollars, and agreed to continue the contract to receive the current money. And if the jury found that a new contract was made after the note fell due, for its payment in Confederate money, they should ascertain the value of the current money in circulation on the day the note became due, and give interest on that value.

It is obvious, under this charge, that the jury must have found a new contract, for they did not return a verdict for the amount of the note in dollars, but only for one-eighth of the amount, that being doubtless their estimate of the value of the Confederate money at the maturity of the note. The charge in relation to a new contract was erroneous, both because there was no such defense made to the action, and not a particle of proof to sustain it. The agent of C. J. McKinney, on whose testimony this part of the charge can alone be based, had no authority to make a new contract; he does not pretend that there

was any such contract as assumed in the charge, nor was there any new consideration to sustain a contract. If the plaintiffs' testator had expressed his willingness to accept Confederate money at any time thereafter, it would have been a *nudum pactum,* in no way binding upon him.

But his Honor was equally in error in saying that if the note was not paid on the day it fell due, it became a note for dollars, by which his Honor meant that the plaintiffs were, in that event, entitled to recover the nominal amount of the note in legal tender dollars. Current money, as used in the note sued on, means the same thing as "currency of the country." "Money is a generic term," this court has repeatedly said, "and covers everything which by consent is made to represent property, and passes as such currently from hand to hand, whether it be the iron of the Spartans, the cowry of the African, the gold and silver of the world, or the paper of modern Europe and America," or, we may now add, Confederate Treasury notes or Greenbacks. *Crutchfield* v. *Robins,* 5 Hum., 15; *Graham* v. *State,* 5 Hum., 41; *Binford* v. *Memphis Bulletin Co.,* 10 Heis., 358; *S. C.,* 9 Heis., 694. Current money means whatever is intended to, and does actually circulate as currency. *Coffin* v. *Hill,* 1 Heis., 385. Or, as it is otherwise expressed, every species of coin or currency. *Hopson* v. *Fountain,* 5 Hum., 140. It is true, the presumption on such a note would be that the money called for is at par, and the plaintiffs will recover the number of dollars called for, unless proof is introduced, as it may be,

Miller *v.* McKinney.

to show that the currency has depreciated, and to what extent. *Baker* v. *Jordan*, 5 Hum., 485; *Coffin* v. *Hill*, 1 Heis., 385. The specification of dollars serves only to measure the quantity of the notes or currency, not their value, which may be ascertained by proof. 2 Dan. Neg. Inst., sec. 1245; *Thorington* v. *Smith*, 8 Wall., 12; *The Confederate Note Cases*, 19 Wall., 548. And the measure of damages for the breach of the contract is the specie value of such notes as it would have been most to the interest of the promisor to have paid. *Hixon* v. *Hixon*, 7 Hum., 34; *Moore* v. *Gooch*, 6 Heis., 104.

It is conceded that this is the settled rule where the note calls for so many dollars in currency or bank notes. *Eason* v. *Abernathy*, 1 Baxt., 218. But it is thought that there is a distinction between a note for so many dollars in currency, and a similar note for so many dollars "payable in currency." The distinction is, however, without a difference. The two forms of expression mean precisely the same thing, are used interchangeably in our books, and are always construed in the same way. *Whiteman* v. *Childress*, 6 Hum., 303; *Kirkpatrick* v. *McCullough*, 3 Hum., 171. The error grows out of confounding property contracts, or contracts for a fixed sum of money which may be discharged in property, with contracts calling for, or payable in money. In the former case, the promise to pay so many dollars in property, the property must be of the value of the amount called for in money, and if the promisor fail to pay at the day in the property, he cannot complain if he be required to pay

7—VOL. 5.

its value, that is, the money stipulated. Or, as Judge Haywood puts it in an early case: "If twenty pounds be to be paid in watches, twenty pounds in money is due, because the number of watches is not ascertained, and their value in money being the value of twenty pounds, it is useless to ascertain it by assessment." *Gamble* v. *Hatton*, Peck, 131. Where the promise is to pay so many dollars in bank notes, or other currency circulating as money, the dollars called for, as we have seen, only measures the quantity of notes or currency, not their value, and although *prima facie* the nominal amount of notes or currency and of the dollars may be equal in value, yet the proof may show the former to be much less valuable. It is like the case put by Judge Haywood in continuation of his opinion in Peck: "But if twenty pounds be to be paid in a certain number of identified watches, then the debtor ought to pay only as much as the specified number of such watches is worth, though the value should not amount to twenty pounds." The contract to pay bank notes is to pay so many dollars of that particular money, which may be worth less than the standard dollar, and the recovery must be scaled accordingly. It is otherwise, it seems, if the note call for so many dollars which may be discharged in currency, for the contract merely concedes a privilege which is lost by the failure to perform at the designated time. *Talley* v. *Courtney*, 1 Heis., 715. The case of *Crockett* v. *Moore*, 3 Sneed, 145, cited and relied on by the plaintiffs' counsel, was a property contract, and the language of the learned judge, who delivers the opinion, is ex-

Miller *v.* McKinney.

pressly limited to contracts for money "to be paid," or "which may be paid," or "payable" in any kind of property.   Whether that case did not more prop-·erly fall under the class of cases referred to by Judge Haywood in his second illustration, it is not now necessary to enquire.

In this view of the law, the plaintiffs were entitled to recover the value of Confederate Treasury notes at the maturity of the note, the evidence showing that such notes constituted the currency of the State at that time.   The proof also is that there were no legal tender notes of the United States then in circulatio in East Tennessee, and therefore the value of the Confederate notes could only be estimated in specie. *Moore* v. *Gooch,* 6 Heis., 104.   The testimony is conflicting as to what this value then was, but the weight of proof is in favor of the finding of the jury.   The jury having found in favor of the plaintiffs the value of the current money contracted to be paid with interest, and judgment having been rendered therefor, the plaintiffs have not been injured by the error in the charge.

The judgment will therefore be affirmed.